# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### EL PASO DIVISION

|  |  |  |
|---|---|---|
| SERGIO P. ALFARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. EP05CA0410-FM |
| | ) | |
| DECO SECURITY,  INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER
## TO PLAINTIFF'S ORIGINAL COMPLAINT

For its Answer to the Petition, Defendant, DECO, Inc., incorrectly identified as Deco Security, Inc., ("DECO"), denies each and every allegation, matter and thing contained in the Complaint, except as hereinafter admitted, qualified or otherwise answered.  For its Answer to the Petition, DECO states and alleges as follows:

1.      DECO admits the allegations contained in Sections I, II and III of the Petition.

### FACTUAL ALLEGATIONS

2.      With respect to the allegations in the first paragraph of Section IV of the Petition, DECO admits that Plaintiff is an Hispanic male over the age of forty (40) who was hired by DECO on May 19, 2003.  DECO is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first paragraph of Section IV of the Petition, and on that basis denies the remaining allegations contained therein.



3.    DECO denies the allegations set forth in the second paragraph of Section IV of the Petition.

4.    DECO denies the allegations set forth in the third paragraph of Section IV of the Petition.

5.    With respect to the allegations set forth in the fourth paragraph of Section IV of the Petition, DECO is presently without knowledge or information sufficient to form a belief as to the truth of what Plaintiff knew or was aware of.  DECO denies the remaining allegations set forth in this paragraph.

6.    DECO is presently without knowledge or information sufficient to form a belief as to the truth of allegations set forth in the fifth paragraph of Section IV of the Petition as they relate to tension between Plaintiff and his coworkers and on that basis denies the allegations contained therein.  DECO denies the remaining allegations set forth in this paragraph.

7.    With respect to the allegations set forth in the sixth paragraph of Section IV of the Petition, DECO admits that it entered into a written settlement with Plaintiff and that the terms of the settlement were subject to the terms of the collective bargaining agreement governing the employment relationship between DECO and the union.  All other allegations set forth in this paragraph are denied.

8.    DECO is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the seventh paragraph of Section IV of the Petition, and on that basis denies the allegations set forth therein, except that DECO specifically denies that Plaintiff's right were interfered with, that Plaintiff was treated in a hostile manner, that Plaintiff's supervisors solicited negative statements against him or that Plaintiff was mistreated.

9.    With respect to the allegations contained in paragraph eight of Section IV of the Petition, DECO admits that it entered into a written settlement with Plaintiff but DECO denies all remaining allegations contained in this paragraph.

10.    With respect to the allegations contained in the ninth paragraph of Section IV of the Petition, DECO admits that Plaintiff's personnel file contains information relating to activities on April 20, 2005. DECO denies all remaining allegations contained in this paragraph.

11.    DECO denies the allegations contained in the tenth paragraph of Section IV of the Petition.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.    DECO hereby incorporates by reference all of the paragraphs set forth above.

13.    With respect to the allegations set forth in Section V of the Petition, DECO admits that Plaintiff filed four charges against DECO with the Equal Employment Opportunity Commission (EEOC) – file numbers 361-2004-00621; 361-2004-00809; 361-2005-01525; and 361-2005-01798 – and that the second charge (not the first) was resolved by a settlement between DECO and Plaintiff pursuant to which DECO did not admit any fault and agreed to endeavor to schedule Plaintiff for regular work hours.  Under the settlement Plaintiff acknowledged that his employment was subject to all of terms of the collective bargaining agreement between DECO and Plaintiff's union. The collective bargaining agreement states that there are no guaranteed number of hours per week.  DECO admits that Plaintiff alleged discrimination based on age and national origin.  DECO denies that Plaintiff was discriminated against based on age or national origin.  DECO denies that all administrative remedies have been exhausted.  DECO denies all remaining allegations set forth in this section.

**COUNT ONE:**
**VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**
**NATIONAL ORIGIN DISCRIMINATION**

14.    DECO hereby incorporates by reference all of the paragraphs set forth above.

15.    DECO denies the allegations set forth in Section VI of the Petition.

**COUNT TWO:**
**VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**
**HOSTILE WORK ENVIRONMENT**

16.    DECO hereby incorporates by reference all of the paragraphs set forth above.

17.    DECO denies the allegations set forth in Section VII of the Petition.

**COUNT THREE:**
**VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**
**RETALIATION**

18.    DECO hereby incorporates by reference all of the paragraphs set forth above.

19.    DECO denies the allegations set forth in Section VIII of the Petition.

**COUNT FOUR:**
**BREACH OF CONTRACT / SETTLEMENT AGREEMENT**

20.    DECO hereby incorporates by reference all of the paragraphs set forth above.

21.    With respect to the allegations set forth in Section IX of the Petition, DECO admits that it entered into a written settlement agreement with Plaintiff under which DECO would endeavor to schedule Plaintiff for thirty-five (35) hours per week; however, under the written settlement agreement Plaintiff acknowledged that his employment was subject to the terms and conditions of the collective bargaining agreement between DECO and Plaintiff's union, which would include those provisions which state that there are no guaranteed number of hours per week.  DECO denies the remaining allegations set forth in this section.

**AFFIRMATIVE DEFENSES**

22.    As and for its affirmative defenses, DECO alleges the following:

(1)    Plaintiff's claims alleging discriminatory conduct by DECO may be barred by the applicable statute of limitations.

(2)    Plaintiff fails to state a claim upon which relief may be granted.

(3)    Plaintiff's claims may be barred by the doctrines of waiver, laches, and/or estoppel.

(4)    DECO had a legitimate, non-discriminatory business reason for any actions it may have taken relative to the issues in this matter.

(5)    The Court does not have subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies.

(6)    Plaintiff failed to report alleged discriminatory conduct in accordance with DECO's personnel policy manual.

(7)    Plaintiff may have failed to mitigate his damages.

(8)    At all times complained of, DECO acted in good faith and exercised reasonable care to prevent any form of discrimination or harassment.

(9)    DECO pleads and relies upon the legislative limitations on damages set forth in Section 21.2585 of the Texas Labor Code.

**WHEREFORE**, Defendant, DECO, Inc., requests that judgment be entered as follows:

1.    That Plaintiff recover nothing from DECO.

2.    That the Complaint be dismissed, with prejudice and on the merits.

For such other and further relief as the Court deems just and equitable.